22306

WESTERN CAROLINA REGIONAL SEWER AUTHORITY, Respondent-Petitioner, v. George R. BELL, Sr., Appellant.

(329 S. E. (2d) 763)

Supreme Court

*George F. Townes,* Pickens, *for appellant.*

*Leo H. Hill,* of *Hill, Wyatt & Bannister,* Greenville, *for respondent-petitioner.*

*Certiorari* Granted Dec. 4, 1984.

Heard April 9, 1985.

Decided April 29, 1985.

HARWELL, Justice:

We granted *certiorari* to review the decision of the Court of Appeals reported at 320 S. E. 487 (S. C. App. 1984). The opinion is based upon a legal error and is quashed.

George R. Bell, Sr., and others instituted a class action testing the validity of a sewer service charge and seeking an injunction against collection of the charges by Western Carolina. The circuit court upheld the sewage rate, and the plaintiffs filed a Notice of Intent to Appeal. The court thereafter issued a Supplemental Order granting the plaintiffs an extension of time to prepare their case and exceptions but ordering them to pay all outstanding charges and to remain current.

Despite the terms of the Supplemental Order, Bell continued to refuse to pay his bill. Instead, he resumed his attack on the user service charge by placing advertisements in the newspaper urging Western Carolina customers not to pay their bills. Meanwhile, the appeal from the original order was not perfected, and no appeal was taken from the Supplemental Order. These orders are accordingly the law of the case.

As a result of Bell's defiance of the Supplemental Order, the circuit court found him to be in contempt of court. The Court of Appeals reversed the contempt order, holding that the Supplemental Order did not direct Bell in definite terms to pay the user charges.

The Supplemental Order clearly and unambiguously mandated that Bell and others pay the user charges forthwith:

NOW THEREFORE, IT IS ORDERED AS FOLLOWS: The plaintiffs have been found to have no defense in this action to their obligation to pay and it is *their obligation to pay forthwith* any and all out-

standing user charges due the defendant and to stay current upon their billings received from the defendant. (Emphasis added.)

The Order was addressed to Bell, who already knew what he was obligated to pay and to whom he was to pay it. The Order further instructed him when to pay: "forthwith". The words "It is Ordered" and "pay forthwith" cannot be ignored. To assign no importance to these words undercuts conventional usage of judges in this State, denies the plain meaning of the words, and impairs the ability of a court to enforce its orders.

The opinion of the Court of Appeals is quashed, and the order of the trial court is affirmed.

Quashed.

LITTLEJOHN, C. J., and NESS, GREGORY and CHANDLER, JJ., concur.